Contracts: rescission and restitution; misrepresentation and disclaimer language. — Plaintiffs were the successful bidders for an apartment complex sold by the Department of Housing and Urban Development (HUD) through a public offering. In a prospectus furnished to interested bidders by HUD were set forth, inter alia, past utility expenses and occupancy percentages for the complex. The prospectus (and subsequent contract) contained a disclaimer, i.e., that information furnished by HUD was not warranted as to accuracy and interested parties should be guided by results of their own independent investigations. HUD also stated that the information in the prospectus was all that would be made available. The contract subsequently entered into allowed the plaintiffs to investigate HUD records regarding the property; they were found to be incomplete and in disarray. Shortly after taking control of the property the plaintiffs were forced to evict tenants because of accumulated delinquencies in rental payments. (58% of the tenants were delinquent.) Utility expenses were also far in excess of the amount indicated in the prospectus. As a result the plaintiffs were unable to continue mortgage payments after two months. Attempts at renegotiation of the indebtedness failed and plaintiffs filed suit. The defendant subsequently foreclosed on the property and reacquired possession. Plaintiffs claim to have relied on the information in the prospectus, which they allege is false and misleading. Plaintiffs seek damages for these alleged misrepresentations, or, in the alternative, rescission of their sale and purchase agreement with HUD and restoration of all monies paid thereunder. Plaintiffs allege, inter alia, that the occupancy percentages presented in the prospectus included tenants who had failed to pay rent. Thus the percentages were inflated and erroneous. The plaintiffs believed the percentages to be a measure of the paid occupancy level and relied on the figures as a projection of future income. Defendant counters that the occupancy percentages merély reflected a monthly measure of the total obligated space in the building and as such could not be a gauge of income realized. Plaintiffs also claim that the listed utility expenses were understated. On *512 August 24, 1979 Trial Judge John P. Wiese filed a recommended opinion finding for the plaintiffs. The trial judge held that rescission of a contract and restitution is available where a party was induced to assent to an agreement through justifiable reliance upon a material misrepresentation of fact. The occupancy percentages contained in the prospectus were misleading in that, as the Government’s own expert witness stated, when compiled for purposes of summarizing past occupancy levels rather than recording current transactions the figures should be restated or adjusted so as to conform with the rents actually realized in the earlier time frame. The plaintiffs were therefore justified in assuming that the percentages represented a reliable measure of the rentals paid. The misrepresentation was material in that a prudent investor could be expected to rely upon the occupancy percentages in valuing the property. Reliance was established because if the plaintiffs had known that the income realized by HUD during the period covered by the prospectus was less than that indicated by the occupancy percentages they would not have considered it a plausible investment given the minimum price established by HUD. The disclaimer found in both the prospectus and the contract was held not to be effective because HUD denied the plaintiffs access to data prior to entering into the contract which was the only information by which the plaintiffs might have learned the truth about the occupancy percentages. Words of disclaimer are inoperative where their reconciliation with affirmations of fact lead to an unreasonable construction. When access to the data was allowed after the contract was signed it proved to be worthless since the property records were incomplete and in disarray. The defendant argued that rescission was no longer available to the plaintiffs as a remedy since there had been a foreclosure on the property and/or the plaintiffs ratified the purchase agreement when they sought to renegotiate the indebtedness to HUD in lieu of moving promptly to rescind on grounds of misrepresentation. The trial judge held that foreclosure does not affect the court’s power to declare the contract a nullity from the start. In that the plaintiffs ceased their mortgage payments to HUD there was evidence that no ratification of the contract was intended. As to the renegotiation of indebted *513 ness the trial judge held that unsuccessful negotiations looking toward performance cannot be considered inconsistent with a continuing right of rescission. On December 14, 1979 the court, by order, entered a judgment for $119,000 in favor of the plaintiffs based upon a stipulation of the parties as to the amount of damages.